Opinion of the Court, by
Judge Clark.
Sturgeon commenced a suit in chancery, in the Henry circuit, against Pringle, Shannon and Dodd, to obtain a conveyance of 400 acres of land, which he claims as his proportion of 1,250 acres purchased by himself, Pringle and Dodd of Shannon. The only contest in this cause is between Sturgeon and Pringle, Dodd having, by consent, had his part assigned to him, and received a conveyance. Sturgeon sets up an agreement between him and Pringle, as to the mode of dividing the remaining 800 acres, after deducting the part conveyed to Dodd, and charges Pringle with having improperly obtained from Shannon, (in whom the legal title was) a conveyance for part of the 400 acres, which by the agreement was to have been conveyed to him.
Pringle, in his answer, expressly denies ever having made an agreement for a division of the 800 acres, as stated in the bill, and likewise denies Sturgeon’s right to more than 250 acres of the 800. The circuit court decreed a conveyance for the 400 acres, agreeable to the division set up by Sturgeon; from which decree Pringle appealed to this court.
There seems to be but two questions necessarily involved in this cause. First, was Sturgeon entitled to 400 acres, part of the 1,250 purchased of Shannon? and second, in what manner ought the division to have been made?
Upon the first question, there can be little doubt, but that Sturgeon was entitled to one third of the quantity purchased of Shannon. The bond evidencing the purchase, is given to Pringle, Sturgeon and Dodd, in which Shannon agrees to convey in such divisions *113 as the parties should agree on. From the face of the bond, we are bound to presume the parties were equally interested; nor does the parol testimony taken by Pringle, to show the interest of Sturgeon in the purchase, destroy that presumption. But we are not left to the bond alone upon this subject; for it is proved that Sturgeon paid to Shannon the purchase money, for 400 acres, and that Pringle frequently acknowledged his right to that quantity.
Where a man in whom the record shows the legal title is not, is decreed to execute a deed of conveyance without warranty, it is no cause for reversing the decree, if it appears that he had any right which in equity he was bound to transfer.
Upon the second question, the decree of the circuit court is correct. Without deciding whether a parol agreement for the division of land, be void or not, under the statute of frauds and perjuries, (which we think extremely questionable,) we have no doubt, but such an agreement ought frequently, and was in this case, properly resorted to by the court, as a means of doing justice between the parties. They had, eight or nine years before this suit was brought, (as is clearly proved) mutually agreed on the part that each should have, and in consequence of that agreement, each settled upon the part assigned to him, and Sturgeon has made considerable improvements on his part. The parties certainly knew their own interest best, and as they had considered the division equal, we see no reason why the court should not adopt it, as a safe and equitable mode of decreeing the division.
One of the assignments of error, questions the propriety of that part of the decree, which directs Pringle to convey land, the legal title of which is in Shannon. The suit being for a division as well as for a conveyance, it will operate as a transfer of the legal title, to such parts as Pringle shall have it, and to such parts of the land as he has not the legal title, it can only operate as a release of his interest. By the decree he is not required to convey with warranty, and without such a clause in the deed, he will not be responsible, if the land should be lost; for the ordinary words used in a deed of conveyance, do not imply one.
Decree affirmed with costs.